UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMIE STALLSMITH,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>Defendant. | No. 4:15-CV-5117-JTR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-Motions for Summary Judgment. ECF No. 16, 18. Attorney D. James Tree represents Jamie Max Stallsmith (Plaintiff); Special Assistant United States Attorney Tina R. Saladino represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 4. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed applications for a period of disability, Disability Insurance Benefits (DIB), and Supplemental Security Income (SSI) in February 2012, alleging disability since July 8, 2008, due to sternum/chest pain, left knee

ORDER GRANTING DEFENDANT'S MOTION . . . . - 1

problems/chronic pain, right knee injuries, hand numbness, and lower back problems/pain. Tr. 199-207, 236-237. Plaintiff's applications were denied initially and upon reconsideration.

Administrative Law Judge (ALJ) Moira Ausems held a hearing on January 28, 2014, Tr. 46-92, and issued an unfavorable decision on May 5, 2014, Tr. 22-35. The Appeals Council denied review on September 28, 2015. Tr. 1-6. The ALJ's May 2014 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on November 24, 2015. ECF No. 1, 7.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was born on December 5, 1974, and was 33 years old on the alleged onset date, July 8, 2008. Tr. 33. He completed high school and one year of college. Tr. 237. Plaintiff testified at the administrative hearing he last worked as a stock clerk at a WinCo grocery store, Tr. 59, but also had past work as a tractor-trailer truck driver and merchandise deliverer, Tr. 81, 238. Plaintiff's "Disability Report" indicates he stopped working on July 8, 2008, because of his condition. Tr. 237.

Plaintiff injured his right knee on the job in July 2008. Tr. 332. He was diagnosed with right knee ACL tear and medial meniscal tear. Tr. 317. On January 19, 2009, Christopher Kontogianis, M.D., performed a right knee arthroscopy, partial medial and lateral meniscectomy and abrasion arthroplasty to address the issue. Tr. 317. Plaintiff testified he initially felt better after the surgery, but later, after attempting normal activity, he experienced increased pain and numbness in his right leg. Tr. 60-61. Plaintiff testified he now has issues with his left knee from favoring that leg, Tr. 61, and also experiences numbness in his

hands from the increased use of his forearm crutch, Tr. 74. Plaintiff stated his knees keep him from walking without aid (a right forearm crutch), he cannot stand for long periods, and he is unable to lift heavy items. Tr. 221.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one

through four, the claimant has the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On May 5, 2014, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 25. At step two, the ALJ determined Plaintiff had the following severe impairments: mild right knee degenerative joint disease status-post arthroscopy in January 2009 and personality disorder, NOS, with antisocial and borderline features. Tr. 25. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 27.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined he could perform a range of light exertion level work. Tr. 28. The ALJ found Plaintiff could lift/carry up to 20 pounds occasionally and 10 pounds frequently; could stand/walk up to four hours in an eight-hour workday; could sit up to six hours in an eight-hour workday; was limited to occasional pushing/pulling with the right lower extremity; could occasionally climb ramps and stairs, crouch, crawl, kneel and stoop; could frequently balance; could not

climb ladders, ropes or scaffolds or be exposed to unprotected heights; should avoid concentrated exposure to vibration; and could perform no more than lower semi-skilled tasks that would involve no more than superficial contact with the general public. *Id.*

At step four, the ALJ found Plaintiff was unable to perform his past relevant work as a tractor-trailer truck driver and deliverer of merchandise. Tr. 32. However, at step five, the ALJ determined that, considering Plaintiff's age, education, work experience and RFC, and the testimony of the vocational expert, Plaintiff could perform other jobs present in significant numbers in the national economy, including occupations such as ticket seller, parking lot attendant and production assembler. Tr. 33-34. The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from July 8, 2008, the alleged onset date, through the date of the ALJ's decision, May 5, 2014. Tr. 34-35.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred in assessing Plaintiff's physical condition by (1) giving "substantial weight" to the opinions of Wing C. Chau, M.D., and David Deutsch, M.D., but not including all the limitations assessed by these medical professionals in the RFC determination; and (2) improperly rejecting the opinion of Hayden Hamilton, M.D. ECF No. 16 at 8-16.

## DISCUSSION

**A.  Plaintiff's Credibility**

While Plaintiff has not challenged the ALJ's finding that Plaintiff was not entirely credible, Tr. 29-30, the Court finds the ALJ's credibility determination significant in this case.

The ALJ indicated the documentary evidence of record and Plaintiff's own statements and testimony simply did not support his basic claims of disabling physical and mental impairments. Tr. 29. A lack of supporting objective medical evidence is a factor which may be considered in evaluating a claimant's credibility, provided it is not the sole factor. *Bunnell v. Sullivan*, 347 F.2d 341, 345 (9th Cir. 1991). With respect to Plaintiff's right knee allegations, the ALJ indicated the diagnostic test results of record were generally unremarkable and contain little evidence to support his alleged symptoms. Tr. 29. The ALJ noted March 13, 2014, right knee x-rays revealed only mild osteoarthritic changes involving the right patellofemoral joint. Tr. 29, 346. The ALJ further indicated musculoskeletal examinations of Plaintiff's right knee have consistently been unremarkable, other than subjective complaints of pain and decreased range of motion. Tr. 29. For example, October 2010 treatment records from Dr. Kontogianis note Plaintiff reported continued right knee pain, but the examination revealed little in the way of objective worsening signs or symptoms. Tr. 29, 318. Although Plaintiff initially could barely extend his knee fully and flex past 90 degrees, with a minimal amount of coaxing he had full extension and flexion to 125 degrees. Tr. 29, 318. Moreover, Dr. Chau's March 13, 2014, orthopedic examination noted Plaintiff had fairly good strength and was without focal neurological deficit. Tr. 29, 345.

In addition to the lack of corroborating medical evidence, the ALJ noted Plaintiff's failure to seek medical treatment since 2012, despite allegations of chronic pain and disabling limitations, as a reason to discount the reliability of Plaintiff's allegations. Tr. 30. Unexplained or inadequately explained reasons for failing to seek medical treatment cast doubt on a claimant's subjective complaints. 20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). While the ALJ indicated Plaintiff asserted at the administrative hearing, by and through his counsel, Tr. 53, 63, that his failure to seek treatment was attributed to his "general distrust of the medical system," Tr. 30, Plaintiff's testimony regarding

his lack of follow-up treatment for his right knee injury primarily concerned his not knowing which providers would accept his medical insurance, Tr. 63-64.  The ALJ found Plaintiff's statement that he did not understand how to seek treatment inconsistent with the fact that Plaintiff understood how to apply for public disability assistance from both the state of Washington and the Social Security Administration.  Tr. 30.

The ALJ further noted Plaintiff's poor history of work and earnings did not enhance the credibility of his allegation of an inability to work.  Tr. 30.  The Ninth Circuit has held that "poor work history" or a showing of "little propensity to work" during one's lifetime may be considered as a factor which negatively affects a claimant's credibility.  *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

The rationale provided by the ALJ is fully supported by the record, and the ALJ's determination that Plaintiff's statements were not entirely credible is uncontested by Plaintiff.  *See Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003) (issues not specifically and distinctly contested in a party's opening brief are considered waived).  Since Plaintiff was properly found by the ALJ to be not entirely credible, the ALJ appropriately accorded little weight to medical reports based primarily on Plaintiff's subjective complaints.[1]  *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (a physician's opinion premised primarily on a claimant's subjective complaints may be discounted where the record supports the ALJ's discounting of the claimant's credibility); *Morgan v. Comm'r. of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (the opinion of a

---

[1] The ALJ determined the opinions of DSHS physical examiners Christy Chanthanath, ARNP, and Jared Shelton, PA-C, that Plaintiff was limited to sedentary work and could only lift/carry a maximum of two pounds were entitled to no weight in part because they appeared to be based almost entirely on Plaintiff's non-credible subjective complaints.  Tr. 31-32.

physician premised to a large extent on a claimant's own account of symptoms and limitations may be disregarded where they have been properly discounted).

### B. Medical Source Opinions

Plaintiff contends the ALJ erred by failing to accord proper weight to the opinions of certain medical sources regarding his physical limitations. Plaintiff specifically argues the ALJ erred by giving significant weight to the opinions of Drs. Chau and Deutsch, but not including all the limitations they assessed in the ALJ's ultimate RFC determination and by according "little weight" to the opinions of Dr. Hamilton. ECF No. 16 at 8-16.

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews*, 53 F.3d at 1043. Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-1464 (9th Cir. 1995); *Fair*, 885 F.2d at 604.

Here, the ALJ found that although Plaintiff's right knee condition qualified as a severe impairment, the objective medical evidence did not support the degree of limitation alleged by Plaintiff. Instead, the ALJ determined Plaintiff retained the RFC to perform a range of light exertion level work, which included the ability to stand/walk up to four hours in an eight-hour workday and sit up to six hours in

an eight-hour workday. Tr. 28. The Court finds the ALJ's interpretation of the medical record is supported by substantial evidence. *See infra*.

### 1. Wing C. Chau, M.D.

Plaintiff contends the ALJ erred by not including all limitations expressed in Dr. Chau's report in her ultimate RFC determination. ECF No. 16 at 8-13.

Dr. Chau examined Plaintiff on March 13, 2014. Tr. 343-350. Dr. Chau noted a bilateral knee x-ray showed only mild osteoarthritic changes of the right patellofemoral joint and stated Plaintiff had fairly good strength and, from a musculoskeletal point of view, was "adequate for full time work 8 hr/day." Tr. 344-345. However, Dr. Chau also noted Plaintiff would be restricted to limited ambulation and standing, would need his crutch "as I do not see him trying to go anywhere without it," and could lift only up to ten pounds on a frequent basis. Tr. 345. On a "Medical Source Statement of Ability to Do Work-Related Activities (Physical)" form, Dr. Chau marked boxes[2] indicating Plaintiff could sit for six hours total, stand for one hour total and walk for one hour total in an eight-hour workday. Tr. 348. He also marked boxes opining a cane was medically necessary and that Plaintiff would require the use of a cane to ambulate, Tr. 348, despite noting in his narrative report that he could not see Plaintiff continuing to use the crutch for ambulation, Tr. 345. Dr. Chau checked boxes indicating Plaintiff could never climb ladders or scaffolds, stoop, kneel, crouch or crawl. Tr. 349.

///
///
///

---

[2] A check-box form is entitled to little weight. *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (stating that the ALJ's rejection of a check-off report that did not contain an explanation of the bases for the conclusions made was permissible).

ORDER GRANTING DEFENDANT'S MOTION . . . - 9

The ALJ accorded "substantial" weight to Dr. Chau's opinion "regarding the claimant's right knee condition" because it was supported by x-ray findings[3] and was consistent with the assessment of Norman Staley, M.D.[4]  Tr. 30.

The record indicates Plaintiff recovered well following arthroscopic surgery of his right knee, and Plaintiff's treating physician, Dr. Kontogianis, opined on March 5, 2009, that Plaintiff was capable of returning to light level work.  Tr. 25, 334.  On April 2, 2009, Dr. Kontogianis found Plaintiff's right knee was fixed and stable, Tr. 25, 319, and, on October 14, 2010, stated Plaintiff "does not have a lot in the way of objective worsening signs or symptoms on exam."  Tr. 25, 318.  He determined Plaintiff's right knee instability was not worse at that time.  Tr. 318.

The ALJ also accorded weight to the January 20, 2012, opinion of reviewing DSHS medical consultant Dr. Deutsch.  Tr. 31.  Dr. Deutsch concluded that Plaintiff's condition did not meet the requirements necessary to be considered disabling by the state.  Tr. 31, 336-337.

Although the ALJ accorded "little weight" to the January 22, 2012, opinions of examiner Hayden Hamilton, M.D., as more fully discussed below, *see infra*, it is significant to note Dr. Hamilton's musculoskeletal examination was generally

---

[3]As indicated by the ALJ, x-ray scans of Plaintiff's bilateral knees on March 13, 2014, revealed only a mild osteoarthritic change involving the right patellofemoral joint and otherwise normal knees.  Tr. 25, 346.

[4]As noted by the ALJ, Dr. Staley opined on June 11, 2012, that Plaintiff could frequently lift and/or carry 10 pounds, occasionally lift and/or carry 20 pounds, stand and/or walk about four hours in an eight-hour workday, and sit about six hours in an eight hour workday.  Tr. 30-31, 142-143.  Dr. Staley limited Plaintiff to frequent climbing of ramps and stairs, balancing and stooping; no climbing of ladders, ropes or scaffolds; occasional kneeling, crouching and crawling; and should avoid concentrated exposure to vibration and hazards.  *Id.*

1  within normal limits, with normal range of motion in the cervical region, lumbar
2  region, hip joints, left knee joint, ankle joints, shoulder joints, elbow joints, wrist
3  joints, and finger joints.  Tr. 32, 338-342.  Dr. Hamilton indicated Plaintiff had 5/5
4  motor strength in the bilateral upper and lower extremities, with the exception of
5  4/5 right hip extension strength; muscle bulk and tone were normal; sensory exam
6  was normal; and deep tendon reflexes were normal.  *Id*.  Dr. Hamilton opined
7  Plaintiff could stand/walk three hours in an eight-hour workday and his ability to
8  sit was unrestricted.  Tr. 342.

9  The ALJ was not required to adopt in full the opinion of any particular
10 medical source, and the ALJ is obligated to consider the record as a whole.  *See*
11 *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989) ("It is not necessary to
12 agree with everything an expert witness says in order to hold that his testimony
13 contains 'substantial evidence.'" (quoting *Russell v. Bowen*, 856 F.2d 81, 83 (9th
14 Cir. 1988))).  An ALJ may properly rely upon only selected portions of a medical
15 opinion while ignoring other parts, but such reliance must be consistent with the
16 medical record as a whole.  *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir.
17 2001).

18 Here, the ALJ properly analyzed the various medical opinions and treatment
19 records.  The ALJ evaluated the opinions of Dr. Chau, interpreted and resolved
20 ambiguities from the entirety of the medical evidence, and adopted the limitations
21 she found credible and supported by the overall record.  *See Bayliss v. Barnhart*,
22 427 F.3d 1211, 1217 (9th Cir. 2005) ("Preparing a function-by-function analysis
23 for medical conditions or impairments that the ALJ found neither credible nor
24 supported by the record is unnecessary.").  The ALJ did not improperly substitute
25 her own lay opinion for a medical opinion, but instead carefully analyzed the
26 various medical opinions and treatment records in formulating her RFC
27 determination.  The ALJ deviated from Dr. Chau's opinions only where the
28 opinions lacked substantial support in the medical record; e.g., the check-box

ORDER GRANTING DEFENDANT'S MOTION . . . - 11

report indicating Plaintiff could stand for one hour total and walk for one hour total in an eight-hour workday, as well as the assessed postural restrictions. Tr. 348-349. The ALJ did not err by giving "substantial weight" to the opinion of Dr. Chau, while apparently also disregarding portions of the opinion.

### 2. David Deutsch, M.D.

Plaintiff further contends the ALJ erred by according substantial weight to the opinion of reviewing physician Deutsch, but failing to address his comment that Plaintiff's work capability was listed as "less than sedentary."

On January 20, 2012, reviewing DSHS medical consultant Dr. Deutsch concluded that Plaintiff's condition did not meet the requirements necessary to be considered disabling by the state. Tr. 31, 336-337. The ALJ accorded substantial weight to the reviewing physician's statement that Plaintiff was not entitled to disability benefits, Tr. 31, but disregarded the unsupported notation on the report that "[w]ork capability list[e]d as Less Than SED," Tr. 336. Again, the ALJ's RFC determination need not exactly match the opinion or findings of any particular medical source. *See Magallanes*, 881 F.2d at 753.

The check-box form of Dr. Deutsch fails to provide any specific information regarding Plaintiff's overall medical condition, other than in the "Comments" section where it is noted "Normal Emg and testing for acute pulmonary pathology are negative." Tr. 336. Dr. Deutsch's report does not explain the indication that Plaintiff's work capability had been listed as less than sedentary. In any event, as discussed above, the credible medical evidence of record does not support a finding that Plaintiff is limited to less than a restricted range of light exertion level work: treating physician Kontogianis opined on March 5, 2009, that Plaintiff was capable of returning to light level work, Tr. 334, and found on April 2, 2009, that Plaintiff's right knee was fixed and stable, Tr. 319; Dr. Staley opined on June 11, 2012, that Plaintiff could frequently lift and/or carry 10 pounds, occasionally lift and/or carry 20 pounds, stand and/or walk about four hours in an eight-hour

workday, and sit about six hours in an eight hour workday, Tr. 142-143; and, on March 13, 2014, Dr. Chau noted a bilateral knee x-ray showed only mild osteoarthritic changes of the right patellofemoral joint and stated Plaintiff had fairly good strength and was "adequate for full time work 8 hr/day," Tr. 344-345.

The ALJ did not err by giving "substantial weight" to Dr. Deutsch's opinion that Plaintiff was not eligible for state disability assistance, while also failing to specifically address the portion of Dr. Deutsch's report which stated Plaintiff's work capability had been listed as less than sedentary.

### 3. Hayden Hamilton, M.D.

Plaintiff lastly argues the ALJ erred by rejecting the January 2012 examining opinion of Dr. Hamilton. ECF No. 16 at 14-16; Tr. 338-342.

As discussed above, Dr. Hamilton's musculoskeletal examination was generally within normal limits, with normal range of motion in the cervical region, lumbar region, hip joints, left knee joint, ankle joints, shoulder joints, elbow joints, wrist joints, and finger joints. Tr. 32, 338-342. Dr. Hamilton indicated Plaintiff had 5/5 motor strength in the bilateral upper and lower extremities, with the exception of 4/5 right hip extension strength; muscle bulk and tone were normal; sensory exam was normal; and deep tendon reflexes were normal. *Id*. Dr. Hamilton opined Plaintiff could stand/walk three hours in an eight-hour workday and his ability to sit was unrestricted. Tr. 342. He further opined Plaintiff could lift less than 10 pounds both occasionally and frequently and should avoid climbing, balancing, kneeling, crouching or crawling. *Id*.

The ALJ assigned little weight to Dr. Hamilton's report. Tr. 32. The ALJ specifically indicated no significant weight was accorded to Dr. Hamilton's diagnostic impression of upper extremity neuropathy because the conclusion was contrary to the normal findings obtained upon electromyography and nerve conduction study testing of the upper extremities on January 7, 2011, Tr. 281-283, as well as the normal upper extremity findings observed by other medical sources

of record.  Tr. 32.  The ALJ also held no weight was accorded to Dr. Hamilton's opinion that Plaintiff's capacity for lifting and carrying was for less than 10 pounds occasionally because this conclusion was contradicted by the normal electromyography and nerve conduction study findings and the record as a whole and was based upon Dr. Hamilton's unsupported diagnostic impression of upper extremity neuropathy.  Tr. 32.  Finally, the ALJ stated the record as a whole failed to document appropriate objective medical findings to establish the existence of an impairment affecting Plaintiff's upper extremities and Dr. Hamilton's restriction of Plaintiff's capacities for lifting and carrying was contradicted by other medical evidence of record.  Tr. 32.  As discussed above, the credible medical evidence of record, including the opinions of Drs. Kontogianis, Staley and Chau, does not support a finding that Plaintiff is limited to less than a restricted range of light exertion level work.  *See supra*.

It is the responsibility of the ALJ to determine credibility, resolve conflicts in medical testimony and resolve ambiguities, *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996), and this Court may not substitute its own judgment for that of the ALJ, 42 U.S.C. § 405(g).  Where, as here, the ALJ has made specific findings justifying a decision, and those findings are supported by substantial evidence in the record, this Court's role is not to second-guess that decision.  *Fair*, 885 F.2d at 604.  Based on the foregoing, the Court finds the ALJ provided specific and legitimate reasons for giving little weight to Dr. Hamilton's examining opinion, and those reasons are supported by substantial record evidence.

## CONCLUSION

The ALJ properly weighed the evidence in this case and concluded Plaintiff retained the ability to perform a range of light exertion level work, which included the ability to stand/walk up to four hours in an eight-hour workday and sit up to six hours in an eight-hour workday.  Tr. 28.  The ALJ's interpretation of the medical record is supported by the weight of the evidence of record.  Having reviewed the

record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. Accordingly, **IT IS ORDERED:**

   1.   Defendant's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED**.

   2.   Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED December 5, 2016.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE